IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

KENNETH TELFAIR NEWSOME, II,

                Plaintiff

    VS.                              NO. 5:07-CV-327 (CAR)

WILLIAM TERRY, *et. al.*,

                Defendants        **PROCEEDINGS UNDER 42 U.S.C. §1983**
                                                  **BEFORE THE U. S. MAGISTRATE JUDGE**

# ORDER AND RECOMMENDATION

Plaintiff Kenneth Telfair Newsome, II, has filed the above-captioned lawsuit pursuant to 42 U.S.C. §1983.Tab #1. Plaintiff alleges that the defendants violated his constitutional rights by refusing to provide him with photocopy service for what he terms "important legal documents" during April and May of 2007. After reviewing the Complaint, but before permitting service upon defendants, the undersigned ordered plaintiff to supplement his Complaint with specific answers to the following questions: 1) what exactly needed to be photocopied, 2) how many pages needed to be photocopied, 3) what pending criminal or civil cases were involved, 4) what happened with the cases as a result of not being able to make photocopies, and 5) to whom was the request to make photocopies directed? Tab#12.

Plaintiff filed a supplement, and service upon defendants was allowed. Tab #13 & Tab #14. The defendants then filed a motion seeking to have the action dismissed for failure to state a claim upon which relief can be granted. Tab #20. Plaintiff filed a response to the defendants' motion. Tab #22. Defendants filed a reply to plaintiff's response. Tab #30. Plaintiff subsequently filed a Motion for Leave to File an Amended Complaint and attached a copy of the proposed Amended Complaint. Tab #36.

## LEGAL STANDARD

To make out a claim of denial of access to the courts under § 1983 based on the denial of photocopying privileges, a plaintiff must show *actual injury. Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir.1998); *see also Wanninger v. Davenport*, 697 F.2d at 992 (11th Cir. 1983). This requisite injury requirement is met by demonstrating that a non-frivolous legal claim has been frustrated or impeded. *Id.* Indeed, this requirement means that "prison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a non-frivolous, post-conviction claim or civil rights action." *Wilson*, 163 F.3d at 1290. Thus, "a plaintiff cannot merely allege a denial of access to a law library or adequate attorney, even if the denial is systemic." *Id.* at 1291 (quotations and citation omitted). "To prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case, that results from actions of prison officials." *Id.* at 1290-91.

### PLAINTIFF'S MOTION TO AMEND (Tab #36)

A review of plaintiff's proposed amendment to his complaint reveals that not only the subject matter thereof, but also the parties complained about, differ substantially from the subject matter and parties in his original complaint. Plaintiff Newsome's original complaint dealt with the issue of denial of photocopies by those named as defendants therein; his amended complaint, while also founded on the right to access to the courts, concerns denial of legal materials and library time, as well as verbal abuse by two individuals not named as original defendants. While plaintiff is perfectly entitled to pursue such claims in a "new," separate lawsuit, there appears to be no legal basis for permitting these additional, unrelated claims and these additional defendants to be pursued in the above-captioned proceeding. Accordingly, plaintiff's Motion to Amend is DENIED.

## PLAINTIFF'S ORIGINAL CLAIMS

After carefully and thoroughly reviewing all of the relevant filings in this matter, the undersigned agrees with the defendants that plaintiff Newsome has failed to state a claim upon which relief can be granted. Plaintiff claims a denial of his constitutional right to access to the courts as the result of the defendants failing to provide him with photocopies. However, despite numerous opportunities afforded him, plaintiff has repeatedly failed to identify any *specific* examples of documents he needed to photocopy during April and/or May of 2007 in order to pursue his *numerous* post-conviction and civil rights actions. Significantly, he has also failed to apprise the court of any injury resulting from his being denied these photocopies. Indeed, aside from broad conclusory allegations of being hindered, plaintiff has not properly alleged *any* actual injury. Accordingly, **IT IS RECOMMENDED** that the defendants' Motion to Dismiss be **GRANTED** and that the instant case be **DISMISSED**.

Also pending before the court are plaintiff's Motion for Temporary Restraining Order/Motion for Preliminary Injunction (Tab #23), Motion to Compel Discovery (Tab #35), Emergency Motion for Hearing (Tab #44), and defendants' Motion to Stay Discovery (Tab #26) and Motion to Drop Officer Ducote and Carmen Grisley as Parties (Tab #37). In light of the foregoing recommendation, IT IS FURTHER RECOMMENDED that plaintiff's Motion for Preliminary Injunction (Tab#23) be DENIED. In addition, IT IS ORDERED AND DIRECTED that all remaining motions be terminated as moot.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to the RECOMMENDATIONS herein with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO ORDERED AND RECOMMENDED this 13th day of AUGUST, 2008.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE